BEFORE THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LONNIE A. HANEY, <br>     Plaintiff <br><br> v. <br><br> MARTY CANCILA DODGE, CHYSYLER, JEEP <br> a fictitious name doing business as a Missouri Corporation <br> MARTY CANCILA DODGE, CHYSYLER, JEEP SALES, <br>     Defendant | ) <br> ) Cause No. <br> ) <br> ) Jury Demanded <br> ) <br> ) <br> ) <br> ) <br> ) |

## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AMENDED COMPLAINT FOR DAMAGES

COMES NOW Plaintiff and for his cause of action against Defendant states as follows:

### NATURE OF ACTION, JURIDICTION AND VENUE

1. That this Action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended for employment discrimination and damages which flow therefrom; jurisdiction is specifically conferred on this Honorable Court by 42 USCA 2000e-5; venue is proper in this District under 42 USCA 2000E-5(f)(3).

### PARTIES

2. That at times complained of herein, Plaintiff resided in the County of St. Charles, State of Missouri; Defendant is a duly-organized and existing Missouri Corporation authorized to do business in this State, an employer, employer agency and/or labor organization, as defined at and in 42 USCA 2000e as well as 42 U.S.C. 1211(5, A) who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current and/or preceding calendar year and further has its place for the transaction of normal business in the County of

St. Louis, State of Missouri; that these causes of action occurred and arose from that place; Plaintiff's employment duties with Defendant are specifically identified as a Journeyman and worked for Defendant since on around the 3rd day of August, 1992.

## STATEMENT OF CLAIMS

3. That Defendant discriminated against Plaintiff in the matters enumerated *infra* beginning on, around and after the 1st day of November, 2004 until Plaintiff was forced out of employment with and from Defendant on or about the 18th day of July, 2012.

4. That on or about the 10th day of December, 2012 Plaintiff *pro se* timely filed charges of Employment Discrimination before the U.S. Equal Employment Opportunity Commission (hereinafter referred to as the 'EEOC') which became a Perfected Cause Number 560-2013-00469.

5. That on or about the 29th day of March, 2013, the EEOC issued the attached Notice of Final Agency Decision (hereinafter referred to as the 'FAD') incorporated by reference as if fully set out herein, to Plaintiff which was received by Plaintiff on or about the 2nd day of April, 2013; that Plaintiff met all conditions precedent to Filing Suit herein.

6. That Defendant's employment discrimination acts include but are not limited to Defendant's failure to take corrective, curative and preventive action after being

put on Notice by Plaintiff that discrimination and harassment was occurring based *inter alia* on said Plaintiff's disabilities as well as discriminations from Defendant which surrounded same, all as further enumerated below.

7. That Defendant's employment discrimination acts include but are not limited to Plaintiff's gender (male), race (Caucasian), age (Plaintiff born on the 14th day of April, 1961) and retaliation (Defendant's noncompliance with Plaintiff's Employment Insurance papers as well as employment discrimination complaints, such as Defendant would have to pay less money per insurance coverage and hourly rates for potential employees who are both younger and have less job skills).

8. Plaintiff is a Member of a Union, namely the International Association of Machinists and Aerospace Workers District No. (hereinafter referred to as the I.A.M.A.W) who has a Collective Bargaining Agreement (hereinafter referred as the CBA) under which CBA Specialists/Helpers/Lube Tech workers often make less per hour than Plaintiff's earned classification, namely a Journeyman, based on Plaintiff's hire date seniority and scale.

9. That the circumstances under which Defendant, through its agents, servants, employees, and independent contractors, all under the control of Defendant discriminated on around and after the 1st day of April, 2004 to date against Plaintiff include but are not limited to:

3

(a) Employees of Defendant, including but not limited to Kelly Marrah and Jason Dorton are not only aware of Plaintiff's history of discriminations but moreover that Plaintiff has been a target of chronic workplace seniority unfair treatments and/or harassment from these Employees, as well as potentially others.

(b) Plaintiff worked for Defendant since the 3rd day of August, 1992 with no significant prior discipline problems and was rated by Defendant as meeting and exceeding expectations in annual reviews performed during most of the years of said employment.

(c) Throughout said Employment, Plaintiff has been subjected to different employment standards from other employees who are in other different protected categories, such as Plaintiff is not given work assignments commiserate with Plaintiff's seniority and skill.

(d) Other employees whose seniority and skill level are less than Plaintiff will be given easier and more valuable work assignments if they "suck up" to Management, such as motor vehicles' maintenance practices, like 12k, 15k, and 30k packages.

(e) Defendant attempted to and did in fact fire and then re-hire legally protected Employees such as Plaintiff over purported business changes, such as acquiring other Automobile Dealers, all of which practices effectively cancel and/or curtail vacations, training and certifications, that affect Plaintiff's earnings.

(f) Defendant would not pay Plaintiff the correct time a particular repair job took, particularly if said work was under a motor vehicle warranty.

(g) Management of Defendant further wants to require older employees and apparently only older employees like this Plaintiff to agree to changes in their employment duties, such as overtime, shift premiums, paid training and lower guarantee, the condition of which refusal was employment discharge.

(h) Management of Defendant would require older employees who had more seniority to work on projects connected with time and pay components that Defendants knew or should have known were unattainable, all in order to discharge Plaintiff as well as other similarly-situated Employees, as well as constantly counseling Plaintiff to "go ahead and retire".

(i) Defendant attempted to discipline Plaintiff over complaints that working conditions not only aggravated the above discriminations, as well as the claims by Defendant's Supervisors and Mangers that Defendant was somehow unaware of Plaintiff's protected classes, even though Plaintiff has provided Defendant with Records that supported these.

(j) Defendant failed to provide Plaintiff with reasonable accommodations, accurate reporting of attendance and performance records to provide Plaintiff with a safe work environment free of harassment and intimation, such as 'writing up' Plaintiff, a form of potential employee discipline, after workers' compensation claims were filed by Plaintiff.

(k) When Plaintiff brought work concerns to Defendant through proper chain of command, Defendant would commonly 'write-up' and discipline Plaintiff rather than deal with the underlying problems.

(l) When Plaintiff brought complaints to Defendant, Defendant responded by giving easier and more valuable work duties to other Employees of other races, age, genders and retaliation status who were apparently in greater favor with Defendant.

(m) Defendant attempted to avoid legal responsibility for other employees who are treated more favorably than Plaintiff but the facts are that Defendant has, created and maintains the personnel records of other employees, leaving Plaintiff, prior to Court-Ordered Discovery, to infer than other employees who pursuant to Regulations including but not limited to 29 CFR 1630(j)(2)(iii) and 29 U.S.C. 791(b) having expected permanent or long term impact of or resulting from the impairment are actually treated more legally fairly throughout Defendant's entire system.

(n) Defendant repeated attempted to place Plaintiff in work duties that don't comport with Plaintiff's protected classes and skills, even though Plaintiff took great care to repeatedly inform Defendant of Plaintiff's protected work categorizes and skills.

(o) Plaintiff requested from Defendant reasonable accommodations for Plaintiff's protected categorizes and skills which Defendant has not only refused but further demanded that Plaintiff attempt to perform employment duties that Defendant gave Plaintiff as a way to punish



Plaintiff as a way of retaliation, **Burlington North *et al* v. White, 126 S.Ct. 2405, 548 U.S. 53 (2006).**

(p) Defendant and only Defendant knows which Branches, which Shifts, which Job therein, and which Duties hereunder, meet Plaintiff's reasonable protected work categorizes and skills requests but Defendant through the above, has denied and has continued to deny same.

(q) Plaintiff was disrespected, yelled at and talked down to by Defendant's Management Supervisors in front of other Employees; other similarly-situated employees were not so discriminated.

(r) Plaintiff, and only to Defendant's knowledge, was not cross trained for other work duties, this continued failure by Defendant has further handicapped Plaintiff's ability to continue performing in an exemplary level, such as being scheduled and cancelled for additional classes and training.

(s) Plaintiff, and only to Plaintiff's knowledge, Plaintiff's training classes and attendance records were not recorded promptly and/or cancelled, which made it appear that Plaintiff was not reliable.

(t) Defendant attempted to avoid legal responsibility for Plaintiff in relation to other employees who are treated more favorably than Plaintiff but the facts are that Defendant has created and maintains the personnel records of other employees, leaving Plaintiff, prior to Court-Order legal Discovery to infer than other employees who pursuant to Regulations including but not limited to 29 C.F.R. 1630 (j,2,iii) having "expected permanent or long

7

    term impact of or resulting from the impairment" are actually treated legally and fairly throughout Defendant's entire system.

(u) Plaintiff believes that Plaintiff is entitled to prove that Defendant's "workplace is permeated with discriminatory intimidation, ridicule and insult that it is sufficient severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment" from **Vajdl v. Mesabi, 484 F3d 546, 550 (8th Cir 2007) and Harris v. Forklift Systems, Inc., 114 S.Ct. 367, 510 U.S. 17, 126 L.Ed.2d 295 (1993)**, *et seq*.

(v) other present and former similarly-situated Employees have been accommodated and/or compensated therefore but Plaintiff has not been able to institute legal discovery of this purpose, *inter alia*.

(w) Plaintiff is entitled to show that all the above "isolated" actions of Defendant are in fact not isolated but are pretexts for discrimination;

(x) Defendant has failed to take corrective, curative and preventive action after being put on notice by Plaintiff of all the above.

10. That even though Plaintiff is aware that these actions involve adverse employment actions, discrimination and illegal harassment, Plaintiff is not only unable to further delineate especially without legal discovery which operated in which category and Plaintiff moreover has no knowledge how many if any of the above acts are still being committed by Defendants but may use legal discovery *inter alia* for that purpose.

8

11. That as a direct and proximate result of the above acts of Defendants through their employees, servants, agents and independent contractors all under the control of Defendant, Plaintiff has been injured and damaged in the following particulars and aspects:

    a. Plaintiff has been forced to expend and incur the approximate amount of reasonable and fair amounts of expenses to date for the reasonable and necessary medical and emotional treatments, allied care and attention to date for Plaintiff, Plaintiff will be forced and to expend and incur further amounts for similar services for a presently indeterminate time in the future;

    b. Plaintiff now has chronic and acute medical and emotional disorders;

    c. Plaintiff lost time, wages and benefits as well as his ability to be employed; Plaintiff will be forced to expend and incur further amounts for similar losses for a presently indeterminate time in the future;

    d. Plaintiff has been disabled and impaired from each and every social and family activity to date; Plaintiff will be forced to incur further losses for a presently indeterminate time in the future;

    e. Plaintiff has endured pain and suffering from each and every item above to date; Plaintiff will be forced to incur further losses for a presently indeterminate time in the future.

12. Pursuant to 42 U.S.C. 12205 and 29 U.S.C. 791 *et seq.*, Plaintiff appears to be entitled to reasonable attorney's fees, including litigation and expenses and costs.

13. That as a direct and proximate result, Plaintiff prays judgments against Defendant in reasonable and fair amounts over seventy-five thousand dollars ($75,000.00).

WHEREFORE, Complaint prays that this Honorable Court order such relief on as is necessary to make Plaintiff whole, including but not limited to full back pay, seniority and benefits, medical and emotional health treatments, pecuniary loss, non-pecuniary loss, all other compensatory damages as enumerated in Paragraph 11 *supra,* further for attorney's fees, court costs, suit monies and for whatever relief as this Honorable Court deems meet and proper herein.

**LAW OFFICES OF DAVID R. SWIMMER**

_____
by David Swimmer, 22827
231 S. Bemiston, Suite 800
St. Louis/Clayton, MO  63105-1925
ph: 314/854-1345
fx: 314/854-9118
e-mail: dswimmer@juno.com
Attorney for Plaintiff herein

EEOC Form 161-B (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: Lonnie A. Haney<br>3253 Highgate Ln.<br>Saint Charles, MO 63301 | From: St. Louis District Office<br>Robert A. Young Bldg<br>1222 Spruce St, Rm 8.100<br>Saint Louis, MO 63103 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 560-2013-00469 | Jeffrey S. Jones, Investigator | (314) 539-7935 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*     MAR 29 2013

James R. Neely, Jr., Director     (Date Mailed)

Enclosures(s)

cc:
Kelly Marrah
Human Resource Manager
MARTY CANCILA DODGE
2175 No. Highway 67
Florissant, MO 63033

David Swimmer
231 SO. BEMISTON, SUITE 800
Saint Louis, MO 63105

Christine A. Vaporean
Brown and James
800 Market Street, Suite 1100
St. Louis, MO 63101

Enclosure with EEOC

11